UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARLENE E. WESTERFELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1674 RWS |
| | ) | |
| INDEPENDENT PROCESSING, LLC and | ) | |
| PROVIDENT FUNDING ASSOCIATES, LP, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Marlene Westerfeld filed this action against Defendants Independent Processing, LLC and Provident Funding Associates, LP in state court. She claims that these entities improperly charged broker processing fees and administration fees in a transaction to finance her purchase of a home. Her complaint asserts a class action claim against Independent and a separate class action claim against Provident. Defendant Provident removed the case to this Court under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1453. Westerfeld has filed a motion to remand. I will gant the motion to remand because Westerfeld has established that remand is proper under 28 U.S.C. § 1332(d)(4).

*Background*

Westerfeld is a citizen of Missouri. Defendant Independent is a Missouri corporation which processed paperwork associated with home loans. Defendant Provident is a California corporation which is a home loan (mortgage) provider. On February 17, 2006, Westerfeld entered an agreement with Defendants to finance the purchase of a home in St. Charles, Missouri. In her complaint, Westerfeld asserts that Independent and Provident performed one or

more of the following acts:

(1)     Drawing or preparing documents that affect or relate to Westerfeld's mortgage;

(2)     Procuring or obtaining documents that affect or relate to Westerfeld's mortgage;

(3)     Assisting in the drawing or preparation of documents that affect or relate to Westerfeld's mortgage.

Independent charged Westerfeld a $300 "Broker Processing Fee" for performing one or more of these acts.  Provident charged Westerfeld a $695 "Admin Fee" for performing one or more of these acts.

Westerfeld's complaint asserts state law claims against each defendant in two separate plaintiff classes based on the broker processing fees and the administration fees charged in association with the purchase and financing of real property.  Her class action claims against Independent are for the unauthorized practice of law and for a violation of Missouri's Merchandising Practices Act.  Her second and separate class action is against Provident asserting similar claims of unauthorized practice of law and a violation of Missouri's Merchandising Practices Act.  Two separate class actions were filed because the potential class members in each class are not identical.  Independent had customers that did not obtain a loan from Provident and Provident provided loans to borrowers who did not use Independent to process the paperwork. The relationship between the defendants and the challenged transactions is akin to a Venn diagram where some transactions overlap with common customers but each defendant had customers that did not enter transactions with the other defendant.  Based on the overlapping of some of the transactions a single lawsuit was filed with two distinct plaintiff classes.

Westerfeld filed this case in Missouri state court.  Defendant Provident removed this case

under CAFA. 28 U.S.C. §1453. Westerfeld seeks a remand because all of the requirements for mandatory remand under 28 U.S.C. § 1332(d)(4) are met. A hearing of the motion to remand was held, the issues have been fully briefed and the matter is ready for a ruling.

### *Legal Standard*

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. The jurisdictional doubt standard also applies in cases removed under CAFA. See Bartnikowski v. NVR, Inc., 307 Fed. Appx. 730, 739 (4th Cir. 2009)(jurisdictional doubts are resolved in favor of remand in CAFA cases); Smith v. Nationwide Property and Cas. Ins. Co., 505 F.3d 401, 405 (6th Cir. 2007)(same); Miedema v. Maytag Corp., 450 F.3d 1322, 1329-30 (11th Cir. 2006)(same); Morgan v. Gay, 471 F.3d 469, 472 (3rd Cir. 2006)(rejecting proposition that close jurisdictional calls under CAFA should be resolved in favor of federal jurisdiction). But see Evans v. Walter Industries, Inc. 449 F.3d 1159, 1163 (11th Cir. 2006)(relying on legislative history (which is expressly rejected by the cases cited above including the 11th Cir. Miedema case) for the premise that all jurisdictional doubts in CAFA cases be resolved in favor of exercising federal jurisdiction over a case).

As the party seeking removal, Provident must establish that jurisdiction is proper and any doubts about the Court's jurisdiction must be resolved in favor of remand.

*Discussion*

CAFA provides that federal courts have jurisdiction over class actions based on state law

when (1) there is "minimal" diversity, meaning that at least one plaintiff and one defendant are

from different states; (2) the amount in controversy exceeds $5,000,000; and (3) the action

involves at least 100 class members. 28 U.S.C. § 1332(d)(2), (5)(B).

> However, CAFA does not confer a right to defendants to be in federal court.

> [N]othing in CAFA grants such a right. According to CAFA, its purposes
> are to: "1) assure fair and prompt recoveries for class members with legitimate
> claims; 2) restore the intent of the framers of the United States Constitution by
> providing for Federal court consideration of interstate cases of national
> importance under diversity jurisdiction; and 3) benefit society by encouraging
> innovation and lowering consumer prices." 28 U.S.C. § 1711 note; Class Action
> Fairness Act of 2005, § 2(b), 119 Stat. at 5. The first purpose relates only to
> plaintiffs, while the second and third purposes speak to society-at-large's benefits,
> not to defendants'. While some defendants may benefit by having their cases in
> federal instead of state court, this is not a stated purpose of the Act.

Plubell v. Merck & Co., Inc., 434 F.3d 1070, 1073-74 (8th Cir. 2006).

A case removed under CAFA must be remanded if all of the requirements under 28

U.S.C. § 1332(d)(4) are met.

That section states in relevant part:

(4) A district court shall decline to exercise jurisdiction under paragraph (2)--

(A)(i) over a class action in which--

(I) greater than two-thirds of the members of all proposed plaintiff classes in the

aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the

proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each

defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action

has been filed asserting the same or similar factual allegations against any of the

defendants on behalf of the same or other persons

28 U.S.C. § 1332(d)(4).

Westerfeld asserts that the condition of 1332(d)(4)(A)(i)(I) is met because two-thirds of

the members of all the proposed classes are citizens of Missouri, where this case was filed.

Westerfeld asserts that the vast majority of the home loans at issue were transacted by Missouri

citizens to purchase primary residences.  At the hearing of this matter, Provident conceded that at

least two-thirds of the class members are citizens of Missouri.

Westerfeld asserts that section 1332(d)(4)(A)(i)(III) is met because the classes are limited

to the conduct of defendants involving Missouri mortgages.  Provident argues that the "related

conduct" language in this section includes mortgages it made outside Missouri and therefore the

requirements of this section are not met.  This position ignores the lawsuit's limitation of claims

to transactions in Missouri involving Missouri property.  Westerfeld is not asserting claims

against Provident for its conduct or related conduct involving transactions outside Missouri.  As

a result, Westerfeld has established the requirement of section 1332(d)(4)(A)(i)(III) .

Westerfeld argues that the conditions of section 1332(d)(4)(A)(i)(II) are satisfied because

it has filed the claims against Independent as an individual class.  Independent is a citizen of Missouri, its conduct forms a significant basis for the class action claims, and significant relief is sought against Independent by the plaintiff class.  Westerfeld asserts that a plain reading of this section of the statute requires that only one plaintiff class (rather than an aggregate of all the classes in a lawsuit) must meet the conditions set out to compel remand.

Provident argues that the conditions of section 1332(d)(4)(A)(i)(II) are not met because the Court should review the claims in the complaint as a whole.  By this measure, Provident asserts that the claims against Independent and its conduct is not significant when compared to the claims against Provident.  In other words, Provident argues that the case should be viewed not as two separate class actions but as one controversy in which Independent is a minor player and the true conduct challenged and relief sought is against Provident, who is not a citizen of Missouri.

Provident's position is not supported by the plain language of the statute.  Wherein section1332(d)(4)(A)(i)(I) states that "all proposed plaintiff classes in the aggregate" should be considered, section 1332(d)(4)(A)(i)(II) is limited to the singular "plaintiff class."  Such a distinction must be recognized.  Westerfeld has established that this requirement has been met.  Even if this distinction was not as clear as it is, any doubt into its meaning must be resolved in favor of remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Marlene Westerfeld's Motion to Remand [#14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St.

Louis County, State of Missouri under 28 U.S.C. § 1447(c) and 1332(d)(4).

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2010.