UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLENE E. WESTERFELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-01674-JAR |
| ) | |
| INDEPENDENT PROCESSING, LLC and ) | |
| PROVIDENT FUNDING ASSOCIATES, ) | |
| L.P., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Provident Funding's Motion for Summary Judgment [ECF No. 64]. Plaintiff filed her Response to Defendant's Motion for Summary Judgment [ECF No. 105] and Alternative Motion for Continuance [ECF No. 107] on October 28, 2011. Plaintiff's Alternative Motion for Continuance was denied [ECF No. 108] on November 4, 2011. Provident Funding filed its Response in Support of its Motion for Summary Judgment [ECF No. 111] under seal on November 17, 2011. Plaintiff did not request leave to file a sur-reply. This matter is therefore fully briefed and ready for disposition. For the following reasons, Defendant's motion will be granted.

**Background**

Plaintiff Marlene Westerfeld ("Westerfeld") brings this action on behalf of two proposed plaintiff classes against Defendants Independent Processing, LLC and Provident Funding Associates, LP ("Provident Funding"), alleging that when Defendants charged her and other Missouri residents a "broker processing fee" and an "administrative fee," respectively, in residential mortgage financing transactions, they engaged in the unauthorized practice of law and

violated the Missouri Merchandising Practices Act, Mo.Ann.Stat. §§ 407.010-407.1500.  **Legal Standard**

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The initial burden is placed on the moving party.  City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988).  If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir. 1988).

**Discussion**

**Count III - Unauthorized Practice of Law (Against Provident Funding)**

On or about February 17, 2006, Westerfeld entered into an agreement with Defendants to finance real property located at 1203 Karon Drive, Saint Charles, Missouri. In connection with her loan, Provident Funding charged Westerfeld a $695.00 "Admin Fee." In Count III of her First Amended Complaint, Westerfeld alleges Provident Funding engaged in the unauthorized practice of law by charging her an improper document preparation fee.

Mo.Ann.Stat. § 484.010.1 defines the "practice of law" as "the drawing of papers, pleadings or documents"; Mo.Ann.Stat. § 484.010.2 defines the "law business" as "the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper,

document or instrument affecting or relating to secular rights." Guided by these statutory definitions, the Missouri Supreme Court has held, in the context of real estate brokers and escrow companies, that the act of charging "a separate fee" for the completion of legal forms by non-lawyers, or varying the customary charge for closing services based on whether documents are to be prepared in the transaction,[1] constitutes the unauthorized practice of law business. See Hulse v. Criger, 247 S.W.2d 855, 856-57 (Mo. banc 1952); In re First Escrow, Inc., 840 S.W.2d 839, 841 n.3 (Mo. 1992); In re Mid-America Living Trust Associates, inc., 927 S.W.2d 855, 859 (Mo.banc 1996); Eisel v. Midwest Bankcentre, 230 S.W.3d 335, 337-38 (Mo.banc 2007); and Carpenter v. Countrywide Home Loans, Inc., 250 S.W.3d 697, 699 (Mo.banc 2008).

In support of its motion for summary judgment, Provident Funding argues Westerfeld's unauthorized practice of law claim fails because there is no evidence it ever charged her a separate document preparation fee. The parties do not dispute that the only documents at issue in this case were pre-prepared form documents that are standard in the mortgage industry. These documents were "auto populated" on Provident Funding's computers with information provided by Westerfeld's mortgage broker. Provident Funding admits it charged Westerfeld a $695 administration fee, and that its fee was intended to compensate it for the service of making the loan, but denies that any portion of its administration fee was specifically allocated to the preparation of legal documents.

In response, Westerfeld seems to suggest that because Provident Funding's

---

[1] Westerfeld argues there is a question of material fact concerning whether Provident Funding varied its customary closing fees, yet concedes that "fee variation" is not at issue in Provident's motion. (Response to Defendant's Motion for Summary Judgment, Doc. No. 105, p,.2). Therefore, this issue is not before the Court and the Court need not address it.

administration fee is intended to defray the costs of making a loan, it necessarily includes the costs of populating her mortgage documents. She relies on Carpenter and Eisel, where the Supreme Court found defendants liable for the unauthorized practice of law despite their arguments that a portion of their fees covered services other than document preparation. Westerfeld's reliance on Carpenter and Eisel is misplaced in that in each of those cases separate document preparation fees were charged. Carpenter, 250 S.W.3d at 700; Eisel, 230 S.W.3d at337. The Missouri Supreme Court has explained that while companies may charge fees for their services, it is the separate additional charge for document preparation that is prohibited, because "the charging of a separate additional charge tends to place emphasis on conveyancing and legal drafting as a business rather than on the business of being a real estate broker." Eisel, 230 S.W.3d at 339; see also Hulse, 247 S.W.2d at 862; Carpenter, 250 S.W.3d at 702.

Moreover, the separate line item for "document preparation" on Westerfeld's HUD-1 settlement statement was left blank, and Westerfeld certified the statement as a true and accurate statement of the relevant charges. (see Exhibit 6, Doc. No. 66-7; Exhibit 7, Doc. No. 66-8). This is conclusive evidence, as a matter of law, that a document preparation fee was not charged. See Washington v. Countrywide Home Loans, Inc., 655 F.3d 869 (8th Cir. 2011).

In Washington, the Eighth Circuit rejected a lender's attempt to recharacterize a "document processing/delivery fee" as a document preparation fee to avoid liability under the Missouri Second Mortgage Loan Act[2], and held the settlement statement's identification of the fees determined whether they were permissible. Id. at 874 (citing Mitchell v. Residential

---

[2]Under the Missouri Second Mortgage Loan Act, § 408.233.1(3)(b), document preparation is an authorized charge; processing fees are not. Mitchell, 334 S.W.3d at 495-99.

4

Funding Corp., 334 S.W.3d 477, 499 (Mo.App. W.D. 2010) ("[T]he HUD-lA's were documents *evidenced as a matter of law* and *showed as a matter of law* that [certain disputed fees] were not third party charges." (emphasis in original)). Thus, Westerfeld's attempt to recharacterize Provident Funding's standard "admin. fee" as a fee for "document preparation" is improper.

**Count IV - Violation of Section 407.010, et seq. (Against Provident Funding)**

The Missouri Merchandising Practice Act ("MMPA") prohibits any deceptive or unfair practice "in connection with the sale .... of any merchandise in trade or commerce." Mo.Ann.Stat. § 407.020 (1978). The MMPA provides a cause of action for consumers who purchase merchandise "primarily for personal, family or household purposes." § 407.025.1 (1978). In Count IV of her First Amended Complaint, Westerfeld alleges Provident's administration fees were deceptive and unfair practices and, therefore, violated the MMPA.

In further support of its motion for summary judgment, Provident argues Westerfeld's MMPA claim fails because the Act only applies to consumer transactions. The record before the Court demonstrates Westerfeld purchased the property at issue as an investment and treated it as an investment, collecting rent and claiming business deductions on her tax returns.

Westerfeld responds that there is a genuine issue of material fact concerning whether her purchase of the subject property was for "family purposes." She relies on Pointer v. Edwards L. Kuhs Co., 678 S.W.2d 836 (Mo.App. E.D. 1984), to support her position that a party has standing under the MMPA even when property is purchased to lease to family members. In Pointer, plaintiff purchased the property at issue to provide a home for her son and his wife. The consideration was paid by plaintiff, but title was placed in the names of plaintiff and her son as joint tenants. The son was to have paid plaintiff rent of $70.00 per month but made no payments.

5

Had plaintiff predeceased her son, her son would have had fee simple title in the property. It was under these facts that the court found sufficient evidence to support a finding that the property was purchased for personal or family purposes. Id. at 842.

Here, Westerfeld does not dispute and, in fact admits the material facts cited by Provident in support of its motion for summary judgment, specifically, that she applied for her loan based on sworn statements that she was acquiring the property as non-owner-occupied "investment property" that she intended to rent (Memorandum in Support of Defendant Provident Funding Associates, L.P.'s Motion for Summary Judgment, Exhibit 5, Doc. No. 66-6), and that in every tax return filed since acquiring the property, she has reported the rents received as business income and claimed business and investment deductions for the property, after declaring under penalty of perjury that neither she "or [her] family have used the property "during the tax year for personal purposes."(Id., Exhibits 9-14, Doc. Nos. 66-10-15; Provident Funding's Response in Support of its Motion for Summary Judgment, Exhibit 18, Doc. No. 111-2). In applying for the loan, Westerfeld provided an affidavit of occupancy to Provident Funding representing that her loan was for "investment property...purchased as an investment to be held or rented." (Id., Exhibit 2, Doc. No. 66-3). Also, since acquiring the property, Westerfeld has carried a "Landlord Protection Policy" providing coverage of nearly $20,000 a year in "Loss of Rent, Rental Value & Addl Living Expense," and $500,000 in coverage for "Premises Liability," including wrongful eviction. (Id., Exhibits 3, 4, Doc. No. 66-4, -5). Finally, Westerfeld and her son do not hold title to the property as joint tenants. Under these undisputed facts, the Court finds and concludes that no reasonable jury could conclude that Westerfeld purchased the subject property for family purposes.

Westerfeld observes that courts have found real property leased to family members to be "primarily for personal, family, or household purposes" for purposes of consumer standing under the Fair Debt Collection Practices Act (FDCPA) and the Truth in Lending Act (TILA). See Allen v. BRT Utility Corp., 1996 WL 776583 (D.Conn. October 24, 1996); Shames-Yeakel v. Citizens Financial Bank, 677 F.Supp. 2d 994 (N.D. Ill. 2009); Hughes v. Cardinal Federal Sav. & Loan Ass'n, 566 F.Supp. 834 (D.C. Ohio 1983).[3] These cases are not controlling because neither the FDCPA nor the TILA are at issue here. Nevertheless, in these cases, the courts were persuaded by the fact that the properties were jointly owned, as well as the fact that rents were not collected on the properties. Further, Provident Funding notes that in recent TILA cases, courts have held that extensions of credit to acquire non-owner-occupied rental property are considered to be for business rather than personal purposes. See Daniels v. SCME Mortgage Bankers, Inc., 680 F.Supp. 2d 1126 (C.D. Cal. 2010); Mauro v. Countrywide Home Loans, Inc., 727 F.Supp.2d 145, 154 (E.D.N.Y 2010); Corcoran v. Saxon Mortgage Services, 2010 WL 2106179 (D. Mass. May 24, 2010); Mortensen v. Mortgage Electronic Registration Systems, 2010 WL 5376332 (S.D. Ala Dec. 23, 2010);and Lind v. New Hope Property, LLC, 2010 WL 1493003 (D.N.J. Apr. 13, 2010).      **Conclusion**

---

[3]Allen involved the collection of a delinquent water bill for a residential condominium under the FDCPA. The condo was not occupied by the plaintiff owners at the time the debt was incurred but was "rented" to family members who paid rent intermittently if at all. Finding no evidence that this was a commercial venture for the plaintiffs, the court found the underlying debt was a consumer debt within the meaning of the FDCPA. 1996 WL 776583, at *4. In Shames-Yeakel, the court's analysis turned on evidence that the plaintiff owned the subject property "jointly with her son" and never "attempted to produce income" with the property. 677 F. Supp.2d at 997, 1002. In Hughes, the court was persuaded by evidence that the portion of the house in which Hughes and his son had lived "was not rented"during the relevant time period. 566 F.Supp. at 845.

Because there are no genuine issues of material fact that Provident Funding engaged in the unauthorized practice of law business by charging an administration fee, or that Westerfeld purchased the subject property for family use, Provident Funding's motion for summary judgment will be granted.

Accordingly,

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that Defendant Provident Funding's Motion for Summary Judgment [ECF No. 64] is **GRANTED.**

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 15th day of May, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE